1  GIBSON, DUNN & CRUTCHER LLP
   THEANE EVANGELIS, SBN 243570
2    tevangelis@gibsondunn.com
   MICHAEL HOLECEK, SBN 281034
3    mholecek@gibsondunn.com
   333 South Grand Avenue
4  Los Angeles, CA 90071-3197
   Telephone:    213.229.7000
5  Facsimile:    213.229.7520

6  JOSHUA S. LIPSHUTZ, SBN 242557
     jlipshutz@gibsondunn.com
7  AUSTIN V. SCHWING, SBN 211696
     aschwing@gibsondunn.com
8  PETER C. SQUERI, SBN 286249
     psqueri@gibsondunn.com
9  555 Mission Street, Suite 3000
   San Francisco, CA 94105-0921
10 Telephone:    415.393.8200
   Facsimile:    415.393.8306

11
   LITTLER MENDELSON, P.C.
12 ANDREW M. SPURCHISE, SBN 245998
     aspurchise@littler.com
13 SOPHIA BEHNIA, SBN 289318
     sbehnia@littler.com
14 333 Bush Street, 34th Floor
   San Francisco, CA 94105
15 Telephone:    415.433.1940
   Facsimile:    415.399.8940

16
   Attorneys for Defendant DOORDASH, INC.
17

18                UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA

20                 SAN FRANCISCO DIVISION

21

22
   PAUL TAYLOR, an individual, in his          CASE NO.
23 individual and representative capacity,
                                               **DECLARATION OF THEANE EVANGELIS
24                       Plaintiff,            IN SUPPORT OF DEFENDANT'S NOTICE
                                               OF REMOVAL**
25        v.

26 DOORDASH, INC., and DOES 1 through 10,
   inclusive,
27
                         Defendants.
28

Gibson, Dunn &
Crutcher LLP

### <u>DECLARATION OF THEANE EVANGELIS</u>

I, Theane Evangelis, certify and declare as follows:

1.       I am an attorney admitted to practice law before this Court and all of the Courts of the State of California.  I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendant DoorDash, Inc. ("DoorDash" or "Defendant") in the above-captioned action.  I offer this declaration in support of DoorDash's Notice of Removal of the instant action from the California Superior Court, City and County of San Francisco, to the United States District Court for the Northern District of California.   I have personal knowledge of all the facts set forth in this declaration (unless otherwise noted), and, if called to testify, I could and would competently testify to them.

1.       Attached hereto as **Exhibit A** is a true and correct copy of the Docket Sheet in Case No. CGC-18-566714.

2.       Attached hereto as **Exhibit B** is a true and correct copy of the Summons served on DoorDash on May 24, 2018.

3.       Attached hereto as **Exhibit C** is a true and correct copy of the Complaint, served on DoorDash on May 24, 2018.

4.       Attached hereto as **Exhibit D** is a true and correct copy of the Civil Case Cover Sheet, filed by Plaintiff in the Superior Court, City and County of San Francisco, on May 22, 2018.

5.       Attached hereto as **Exhibit E** is a true and correct copy of the May 29, 2018 Proof of Service of Process of the Summons and Complaint of the above-captioned action.

6.       Attached hereto as **Exhibit F** is a true and correct copy of the Application for Complex Case Designation, filed by Plaintiff in the Superior Court, City and County of San Francisco, on June 7, 2018.

7.       Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's Notice to the Labor and Workforce Development Agency, served on DoorDash on May 25, 2018.

8.       In accordance with 28 U.S.C. § 1446(a), Exhibits A through G include "all process, pleadings and orders served upon" the Defendant in this action.

1    I declare under penalty of perjury under the laws of the United States that the foregoing is true

2  and correct, and that this declaration was executed on this 22nd day of June, 2018, in Los Angeles,

3  California.

4

5                                                    */s/ Theane Evangelis*
                                                    Theane Evangelis
6

7                                    Attorney for Defendant DOORDASH, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DECLARATION OF THEANE EVANGELIS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

Case Number: CGC18566714
Title: PAUL TAYLOR VS. DOORDASH, INC. ET AL
Cause of Action: OTHER NON EXEMPT COMPLAINTS
Generated: 2018-06-22 0:59 am

**Register of Actions    Parties    Attorneys    Calendar    Payments    Documents**

Please Note: The "View" document links on this web page are valid until 1:09:48 am
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Show  10 ▼  entries                                                                                  Search: [          ]

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2018-06-13 | PROOF OF SERVICE FOR APPLICATION FOR COMPLEX CASE DESIGNATION AND DECLARATION OF ALLEN GRAVES IN SUPPORT OF APPLICATION FOR COMPLEX CASE DESIGNATION (TRANSACTION ID # 62136845) FILED BY PLAINTIFF TAYLOR, PAUL AN INDIVIDUAL IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY | View | |
| 2018-06-07 | DECLARATION OF ALLEN GRAVES IN SUPPORT OF APPLICATION FOR COMPLEX CASE DESIGNATION (TRANSACTION ID # 62115470) FILED BY PLAINTIFF TAYLOR, PAUL AN INDIVIDUAL IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY | View | |
| 2018-06-07 | APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION (TRANSACTION ID # 62115470) FILED BY PLAINTIFF TAYLOR, PAUL AN INDIVIDUAL IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY | View | $60.00 |
| 2018-05-29 | SUMMONS ON COMPLAINT (TRANSACTION ID # 62075697), PROOF OF SERVICE ONLY, FILED BY PLAINTIFF TAYLOR, PAUL AN INDIVIDUAL IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY SERVED MAY-24-2018, PERSONAL SERVICE AS TO DEFENDANT DOORDASH, INC. | View | |
| 2018-05-22 | JURY FEES DEPOSITED BY PLAINTIFF TAYLOR, PAUL AN INDIVIDUAL IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY | | $150.00 |
| 2018-05-22 | NOTICE TO PLAINTIFF | View | |
| 2018-05-22 | OTHER NON EXEMPT COMPLAINTS, COMPLAINT FILED BY PLAINTIFF TAYLOR, PAUL AN INDIVIDUAL IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY AS TO DEFENDANT DOORDASH, INC. DOES 1 TO 10 INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR OCT-24-2018 PROOF OF SERVICE DUE ON JUL-23-2018 CASE MANAGEMENT STATEMENT DUE ON OCT-01-2018 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE | View | $1450.00 |

Showing 1 to 7 of 7 entries                                                       Previous   1   Next

# EXHIBIT B



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DoorDash, Inc., and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Paul Taylor, an individual, in his individual and representative capacity

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse

400 McAllister Street
San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
**CGC-18-566714**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jacqueline Treu; The Graves Firm; 122 N. Baldwin Ave., Main Floor, Sierra Madre, CA 91024; 626-240-0575

DATE:
*(Fecha)* **MAY 22 2018**        Clerk, by **KALENE AROUNXO...**, Deputy
                                 **CLERK OF THE COURT**              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* DoorDash, Inc., and DOES 1 through 10, inclusive

   under: ☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**   ORIGINAL   FAXED

Code of Civil Procedure §§ 412.20, 465



EXHIBIT C

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
E-mail: jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA 91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

**FILED**

San Francisco County Superior Court

MAY 22 2018

CLERK OF THE COURT

BY: _____

Deputy Clerk

Attorneys for Plaintiff
Paul Taylor

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Paul Taylor, an individual, in his individual and representative capacity,<br><br>Plaintiff,<br><br>v.<br><br>DoorDash, Inc., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: **CGC - 18 - 56671 4**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages;**<br>2. **Failure to Timely Pay Wages;**<br>3. **Failure to Pay Wages on Termination;**<br>4. **Failure to Provide an Accurate Itemized Paystub;**<br>5. **Failure to Reimburse Business Expenses; and**<br>6. **Violation of Business and Professions Code §17200 *et seq.***<br><br>**DEMAND FOR JURY TRIAL.** |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Paul Taylor ("Plaintiff") alleges as follows:

## INTRODUCTION

1.     In this Complaint, Plaintiff uses the term "Driver" to refer to individuals employed by Defendant DoorDash, Inc. ("DoorDash" or "Defendant"), whose primary job duties consist of delivering food to customers as part of the food delivery service that is DoorDash's primary business.

2.     Plaintiff brings this Complaint as a class action pursuant to California Code of Civil Procedure §382.  The class is defined as follows: each individual whom DoorDash has employed as a Driver in California at any time since the date four years prior to the filing of the instant case and whom DoorDash has classified as an independent contractor.  Putative class members are referred to herein as "Drivers."

## THE PARTIES

3.     Plaintiff Paul Taylor ("Taylor" or "Plaintiff") is a citizen of the United States and a resident of Los Angeles County, California.  From a time beginning prior to the filing of the instant complaint and continuing to the present day, DoorDash has employed Taylor as a food delivery driver as part of the food delivery service that is DoorDash's primary business.

4.     Defendant DoorDash is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California.

5.     Plaintiff is currently unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues the Doe Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained.

6.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of the named Defendants and of each other; that the named Defendants and the Doe Defendants

-2-

1    performed the acts and conduct herein alleged directly, aided and abetted the performance

2    thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and

3    conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the

4    liability of the named Defendants as alleged herein.

5         7.    Plaintiff is informed and believes, and on that basis alleges, that at all times

6    herein mentioned, all of the Defendants are and were a single employer.

7         8.    Plaintiff is informed and believes, and on that basis alleges, that at all times

8    herein mentioned, each of the Defendants was the agent, servant and/or employee of each

9    of the other Defendants and, in connection with the matters hereinafter alleged, was acting

10   within the scope of such agency and employment, and each Defendant ratified each and

11   every act, omission and thing done by each and every other Defendant herein.

12

13                          **JURISDICTION AND VENUE**

14        9.    This Court has jurisdiction in this action because: Defendants committed

15   violations of California law, including violations of the Wage Order, Labor Code and

16   Business and Professions Code, that affected Plaintiff in this county; because one or more

17   Defendants reside in this jurisdiction; and because service was effected on one or more

18   Defendants while voluntarily present in California.

19        10.   Venue is proper under California Code of Civil Procedure §395.5, as this is

20   a county where liability against Defendants arises.

21

22                            **COMMON ALLEGATIONS**

23        11.   Plaintiff realleges and incorporates herein by this reference the allegations

24   of Paragraphs 1 through 10 hereof, inclusive.

25        12.   DoorDash is a company whose primary business is delivering food directly

26   to its customers.  Customers access DoorDash's service through an application installed

27   on the customers' cell phone.

28

                                        -3-

                    COMPLAINT AND DEMAND FOR JURY TRIAL

13.     DoorDash employs Drivers throughout the state of California.  Drivers pick up the food ordered by the customer, and then deliver the food directly to the customer. The work performed by Drivers is within the usual course of DoorDash's business.

14.     At all times relevant hereto, DoorDash has engaged, suffered or permitted the Drivers to work for DoorDash.

15.     At all times relevant hereto, DoorDash has maintained a uniform policy of classifying all Drivers as independent contractors rather than employees.

16.     Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Premiums)

17.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 16 hereof, inclusive.

18.     At all times relevant hereto, Paragraph 3 of the applicable Wage Order and California Labor Code §510 have required that DoorDash pay each of its Drivers one and a half his or her regular rate of pay for any work in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours of work on the seventh day of a workweek.

19.     DoorDash has a uniform policy of intentionally failing to pay the overtime premiums due to its Drivers for overtime work.

## SECOND CAUSE OF ACTION

### (Failure to Timely Pay Wages)

20.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 19 hereof, inclusive.

-4-

21.     At all times relevant hereto, California Labor Code §204 requires that all wages are due and payable twice in each calendar month.

22.     DoorDash violated Labor Code §204 by systematically refusing to pay overtime premium wages due to Drivers under the Wage Order.

## THIRD CAUSE OF ACTION

### (Failure to Pay Wages on Termination)

23.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 22 hereof, inclusive.

24.     Labor Code §§201 and 202 require that DoorDash pay each Driver all of the wages earned by that employee at the time of termination for an involuntary termination and within 72 hours of termination for a voluntary termination.

25.     At all times relevant hereto, DoorDash has terminated Drivers who were entitled to overtime wages earned under the applicable Wage Order at the time that the Drivers' employment with ended.

26.     At all times relevant hereto, Drivers who were entitled to overtime wages earned under the applicable Wage Order have voluntarily quit their jobs.

27.     DoorDash maintains a policy and practice of willfully refusing to pay any Driver the overtime wages to which he or she is entitled under the Wage Order at any time after that Driver's termination or resignation.

## FOURTH CAUSE OF ACTION

### (Failure to Provide an Accurate Itemized Paystub)

28.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 27 hereof, inclusive.

29.     At all times relevant hereto, Paragraph 7 of the applicable Wage Order has required that every employer shall semimonthly, or at the time of each payment of wages, furnish each employee an itemized statement in writing showing: (1) all deductions;

-5-

(2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer.

30.     California Labor Code §226(a) requires that each pay period DoorDash must provide each Driver with an itemized statement as required by the Wage Order.

31.     At all times relevant hereto, DoorDash violated the Wage Order and Labor Code §226(a) by failing to provide Drivers with any itemized statement at all.

## FIFTH CAUSE OF ACTION

### (Failure to Provide Equipment or Reimburse Business Expenses)

32.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 31 hereof, inclusive.

33.     At all times relevant hereto, Paragraphs 8 and 9 of the applicable Wage Order have required that an employer provide its employees with any tools or equipment that are required by the employer or are necessary to the performance of the job.

34.     DoorDash requires every Driver to use a cellular telephone or tablet device with a wireless data connection in order to send and receive information regarding the pickup, transportation and drop-off of food to DoorDash's customers.

35.     DoorDash requires every Driver to use a motor vehicle in order to deliver food to its customers.

36.     During all times relevant hereto, DoorDash maintained a uniform policy of refusing to provide cellular telephones, tablet devices, or motor vehicles to Drivers, despite the fact that this equipment is both required by Drivers and necessary to the performance of the job.

37.     During all times relevant hereto, DoorDash maintained a uniform policy of refusing to reimburse Drivers for the cost of cellular telephones, tablet devices, wireless data connections or motor vehicles, despite the fact that this equipment is both required by DoorDash and necessary to the performance of the job.

## SIXTH CAUSE OF ACTION

### (Violation of Business and Professions Code §17200 *et seq.*)

38.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 37 hereof, inclusive.

39.     The conduct described in the First through Fifth causes of action constitute unfair business practices.

40.     By deliberately misclassifying its Drivers as independent contractors, DoorDash avoided substantial expenses and thereby enriched itself at the expense of the Drivers.

41.     The Drivers have suffered injury in fact as a result of DoorDash's aforementioned conduct, in the form of lost income and benefits, and privileges of employment.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 41 hereof, inclusive.

43.     Plaintiff is informed and believes, and thereon alleges, that DoorDash employs over 10,000 Drivers in California.

44.     Plaintiff is informed and believes, and thereon alleges, that DoorDash requires all Drivers in California to agree to an identical form contract in order to work for Door Dash. The company revises the contract from time to time, but at any given time, the contract is identical with regard to all Drivers in California.

45.     Plaintiff is informed and believes, and thereon alleges, that all Drivers in California have been subject to DoorDash's violations of the Wage Order and California Business and Professions Code §17200 *et seq.*

46.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff has been subject to the exact same violations of the Wage Order and California Business and Professions Code described herein as all other Drivers.

-7-

47.     Plaintiff has agreed to fairly and adequately represent the rights of the class.

48.     Plaintiff has the means to fairly and adequately represent the rights of the class.

49.     Plaintiff is informed and believes, and thereon alleges, that his claims are typical of the class.

50.     Plaintiff is informed and believes, and thereon alleges, that common questions of law and fact predominate with regard to all class claims.

51.     Plaintiff is informed and believes, and thereon alleges, that a class action is superior to all other available means of resolving the class members' claims.

52.     Plaintiff is informed and believes, and thereon alleges, that treatment of the instant claims as a class action will accrue substantial benefits to the litigants, the class, the public, and the courts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Maplebear, Inc. dba DoorDash, and Does 1 through 10, inclusive, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For damages according to proof;

3. For restitution of unpaid wages;

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194 and California Code of Civil Procedure §1021.5;

5. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and

6. For punitive damages.

-8-

**ON THE SECOND CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For the penalties described in Labor Code §210 for all violations set forth by this cause of action;

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5 and California Code of Civil Procedure §1021.5;

4. For interest pursuant to Labor Code §§218.5,1194, and Civil Code §3287; and

5. For punitive damages.

**ON THE THIRD CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For waiting time penalties pursuant to Labor Code §203;

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5;

4. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and

5. For punitive damages.

**ON THE FOURTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For penalties pursuant to Labor Code §226(e); and

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §226(e) and California Code of Civil Procedure §1021.5;

4. For interest pursuant to Civil Code §3287; and

5. For punitive damages.

-9-

**ON THE FIFTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For damages according to proof;

3. For restitution of all expenses associated with tools or equipment that were required by DoorDash or necessary to performance of the Drivers' work for DoorDash;

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§2802(c) and California Code of Civil Procedure §1021.5;

5. For interest pursuant to Civil Code §3287; and

6. For punitive damages.

**ON THE SIXTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Labor Code as described herein;

2. For disgorgement of Defendants' ill-gotten gains and other relief that may be necessary to remedy Defendants' misconduct;

3. For restitution of payments unlawfully withheld;

4. For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5; and

5. For interest pursuant to Civil Code §3287.

**ON ALL CAUSES OF ACTION:**

1. For costs of suit, to the extent not otherwise prayed for above;

2. For attorney fees to the extent not otherwise prayed for above;

3. For interest on amounts recoverable; and

4. For such other and further relief as this Court deems just and proper.

-10-

1    DATED:  May 22, 2018          THE GRAVES FIRM

2
                                   By: _____
3                                            JACQUELINE TREU

4                                  Attorney for Plaintiff
                                   Paul Taylor
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED:  May 22, 2018                    THE GRAVES FIRM

By: _____

                                              JACQUELINE TREU
                                      Attorney for Plaintiff
                                      Paul Taylor

-12-

EXHIBIT D

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Allen Graves (SB#204580)<br>Jacqueline Treu (SB#247927)<br>122 N. Baldwin Ave., Main Floor<br>Sierra Madre, CA 91024<br>TELEPHONE NO.: (626) 240-0575    FAX NO.: (626) 737-7013<br>ATTORNEY FOR *(Name)*: Plaintiff Paul Taylor | **FOR COURT USE ONLY**<br><br>**FILED**<br>*San Francisco County Superior Court*<br><br>**MAY 22 2018**<br><br>**CLERK OF THE COURT**<br>BY: *Ekalene Robinie*<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Taylor v. DoorDash, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-18-566714** |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: Six
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/22/2018

Jacqueline Treu
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL FILED



 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties In Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# EXHIBIT E

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| THE GRAVES FIRM<br>JACQUELINE TREU (SBN: 247927)<br>122 N Baldwin Ave<br>Sierra Madre, CA 91024<br>　Telephone No:  626.240.0575<br>　Attorney For:  Plaintiff | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/29/2018**<br>**Clerk of the Court**<br>**BY:YOLANDA TABO-RAMII**<br>**Deputy Clerk** |

| Ref. No. or File No.: | |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
SAN FRANCISCO COUNTY SUPERIOR COURT-LIMITED CIVIL

Plaintiff:  PAUL TAYLOR
Defendant:  DOORDASH, INC.

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-18-566714 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons, Class Action Complaint, Civil Case Cover Sheet, Notice Of Posting Jury Fees, Alternative Dispute Resolution Program Information Package, Expedited Jury Trial Information Sheet, Stipulation To Use Alternative Dispute Resolution (ADR), Case Management Statement

3. *a.* Party served:      DOORDASH, INC.
   *b.* Person served:   REBECCA WEBSTER, CLIENT SERVICE REPRESENTATIVE, REGISTERED AGENT SOLUTIONS, INC.

4. *Address where the party was served:*   1220 South Street, Sacramento, CA 95811

5. *I served the party:*

   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, May 24 2018 at: 10:53 AM

   (1)  [X]   (business)
   (2)  [ ]   (home)
   (3)  [ ]   (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ]   as an individual defendant.
   b. [ ]   as the person sued under the fictitious name of *(specify)*:
   c. [ ]   as occupant.
   d. [X]   On behalf of *(specify)*:   DOORDASH, INC.
           under the following Code of Civil Procedure section:
           [X]  416.10 (corporation)              [ ]  415.95 (business organization, form unknown)
           [ ]  416.20 (defunct corporation)       [ ]  416.60 (minor)
           [ ]  416.30 (joint stock company/association)   [ ]  416.70 (ward or conservatee)
           [ ]  416.40 (association or partnership)   [ ]  416.90 (authorized person)
           [ ]  416.50 (public entity)              [ ]  415.46 (occupant)
           [ ]  other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

2325097
(3643102)
Page 1 of 2

| Attorney or Party without Attorney:<br>THE GRAVES FIRM<br>JACQUELINE TREU (SBN: 247927)<br>122 N Baldwin Ave<br>Sierra Madre, CA 91024<br>  Telephone No: 626.240.0575 | | For Court Use Only |
|---|---|---|
| Attorney For:  Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>SAN FRANCISCO COUNTY SUPERIOR COURT-LIMITED CIVIL | | |
| Plaintiff:  PAUL TAYLOR<br>Defendant:   DOORDASH, INC. | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-18-566714 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
 a.  Name:                    Charles Windheim
 b.  Address:                **FIRST LEGAL**
                                 1517 W. Beverly Blvd.
                                 LOS ANGELES, CA 90026
 c.  Telephone number:   (213) 250-1111
 d.  **The fee** for service was:
 e.  I am:
     (1)  ☐   not a registered California process server.
     (2)  ☐   exempt from registration under Business and Professions Code section 22350(b).
     (3)  ☒   a registered California process server:
          (i)   ☐ owner    ☐ employee    ☒ independent contractor
          (ii)  Registration No:   18-002
          (iii) County:   Placer

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

_____
05/25/2018
*(Date)*

_____
*(Signature)*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

2325097
(3643102)
Page 2 of 2

# EXHIBIT F

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA  91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff
Paul Taylor

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| Paul Taylor, an individual, in his individual and representative capacity,<br><br>      Plaintiff,<br><br>      v.<br><br>DoorDash, Inc., and DOES 1 through 10, inclusive,<br><br>      Defendants. | CASE NO.:  CGC-18-566714<br><br>**APPLICATION FOR COMPLEX CASE DESIGNATION**<br><br>[Supporting Declaration of Allen Graves filed concurrently]<br><br>*Hon. Curtis E.A. Karnow*<br><br>Dept.: 304<br><br>[NO HEARING REQUIRED]<br><br>Trial Date:    None set<br>Complaint Filed:  May 22, 2018 |

# I.    INTRODUCTION

This is a complex case. On May 22, 2018, Plaintiff filed the present class action complaint against DoorDash, Inc. ("DoorDash"). *Declaration of Allen Graves in Support of Application* ("Graves Decl.") ¶ 2. The Complaint alleges that DoorDash misclassified all persons employed by DoorDash whose primary job duties consist of delivering food to customers ("Driver" or "Drivers"). *Id.* ¶ 3. The Complaint further alleges that, as a result, DoorDash failed to pay overtime, pay timely wages, pay wages on termination, provide an accurate itemized paystub, and reimburse business expenses in violation of the Wage Order and California Labor Code. *Id.* In addition, the Complaint alleges that the conduct in which DoorDash engaged constitutes an unfair business practice in violation of the California Business and Professions Code sec. 17200. *Id.* Plaintiff provisionally designated the case as complex. Rules of Court, rule 3.400(c)(6). *Id.* at ¶ 2.

The state of California has put a high priority on eliminating unlawful independent contractor misclassification, and that public policy has resulted in a robust and complex web of statutory provisions and judicial opinions that will govern the instant case. Indeed, the instant case will be directly impacted by new California Supreme Court authority that is little more than a month old. Plaintiff's counsel has experience in class and representative action employment matters and believes that this case should be managed by the Complex Civil Litigation Department of this Court. *Id.* ¶ 4-8. The case will involve time-consuming pretrial motions, including Plaintiff's anticipated motions for class certification and summary judgment. *Id.* at 8. The case involves more than 10,000 putative class members and will involve discovery and analysis of electronically stored information with regard to all of those individuals. *Id.* This case will also require continuing postjudgment judicial supervision if Plaintiff prevails. *Id.* ¶ 9.

This Application is being made at the earliest practicable time. *Id.* ¶ 10. No pretrial matters or motions are before the Court, and Defendant has not filed any cross-action. *Id.* In light of the foregoing, the case is best managed in the Complex Civil Litigation Department of this Court.

APPLICATION FOR COMPLEX CASE DESIGNATION

## II.   COMPLEX DESIGNATION UNDER CRC RULE 3.400

"A complex case is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties and counsel." Cal. Rules of Court, rule 3.400(a).

Cal. Rules of Court, rule 3.400(b) provides several factors the Court must consider when deciding whether an action is complex:

(1) Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve;

(2) Management of a large number of witnesses or a substantial amount of documentary evidence;

(3) Management of a large number of separately represented parties;

(4) Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court; or

(5) Substantial postjudgment judicial supervision.

Any party may designate a case as complex by filing a Civil Case Cover Sheet that identifies the matter as complex. *See generally* Cal. Rules of Court, rules 3.401, 3.402. In this case, Plaintiff provisionally designated the case as complex pursuant to Cal. Rules of Court, rule 3.400(c)(6), and now seeks confirmation of that designation. Complex designation is appropriate as the instant case presents important pretrial motions that will raise novel legal issues, requires management of a substantial amount of electronically-stored information, and will require substantial postjudgment judicial supervision after Plaintiff prevails at trial or summary judgment. Indeed, even a settlement in this matter is likely to require substantial ongoing work by the Court to ensure compliance with the terms of the applicable nonmonetary relief.

///

APPLICATION FOR COMPLEX CASE DESIGNATION

## III.   THE CASE IS PROPERLY DESIGNATED AS COMPLEX

The factors set forth in rule 3.400 strongly support complex designation of this case:

### A. The Case Will Require Exceptional Judicial Management

A case involving a large number of putative class members and related data is best managed by the Complex Civil Litigation Department. Plaintiff brings this class action on behalf what he believes to be more than 10,000 Drivers who made food deliveries for Defendant. The case will involve discovery and analysis of electronically-stored information including information on hours worked by the members of the putative class and payments made to the same putative class members. As a result, the discovery process will be active and robust requiring a high level of continuous judicial involvement. The case will also involve discovery of contact information for all the members of this relatively large group. Complex civil case management is specifically designed for cases with these kind of needs and will be most efficient to all parties and the Court.

### B. Novel Legal Issues Will be Raised

Plaintiff brings his complaint at a time of rapid change in the law that governs independent contractor misclassification claims. For example, *Dynamex Operations West, Inc., v. The Superior Court of Los Angeles County,* 4 Cal. 5th 903 (2018) decided by the Supreme Court of California on April 30, 2018, will have significant implications on Plaintiff's allegation that Defendant misclassified Drivers as independent contractors. The controlling authority of *Dynamex* is so new that the instant case may be the very first time that the standards provided by the California Supreme Court are applied to trial court proceedings. Such complex and novel issues are regularly managed by the Complex Civil Litigation Department.

### C. The Case Will Likely Necessitate Significant Postjudgment Supervision

There is a strong potential that the case will require significant postjudgment supervision and management by the Court. Plaintiff has requested permanent injunctive

-4-

1    relief that will require Defendant to reclassify its Drivers as employees and comply with

2    the applicable Wage Order and Labor Code provisions going forward. After Plaintiff

3    prevails at trial or summary judgment, the Court will need to continue postjudgment

4    supervision to ensure compliance with the injunctive relief as ordered.  Additionally, if the

5    case resolves either through settlement or by Plaintiff prevailing on the class claims, the

6    Court must approve the settlement or award, and oversee the distribution of the settlement

7    amount or damages awarded to class members.  Cal. Rules of Court, rule 3.769.  In the

8    case of a settlement, the Court will need to manage the case through several

9    postsettlement stages including preliminary approval, notice and distribution, and final

10   approval, before dismissal. *Id.* Complex departments are best equipped to handle such

11   long postjudgment processes.

12   **D.  Class Action Claims Are Complex by Nature**

13       This case is deemed provisionally complex under CRC 3.400(c)(6) because it is a

14   putative class action.  An essential part of a putative class action is class certification.

15   Class certification will require at least one significant and technical pretrial motion.  It

16   will also require management of a large amount of electronically stored information and

17   witness contact information relevant to class certification issue.

18       These substantial and technical discovery issues are best adjudicated by the

19   Complex Civil Litigation Department.

20

21                        **IV.    CONCLUSION**

22       The large amount of discovery and witnesses, and the complex issues of fact and

23   law in this case all will benefit from oversight by the Complex Civil Litigation

24   Department.  For the foregoing reasons, Plaintiff respectfully requests that the Court

25   approve this Application for Complex Case Designation, designate the matter as complex,

26   and assign the matter to the Complex Civil Litigation Department.

27

28

-5-

1    DATED:  June 7, 2018               THE GRAVES FIRM

2

3                                       By: _____

4                                               ALLEN GRAVES
                                             Attorney for Plaintiff
5                                            Paul Taylor

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR COMPLEX CASE DESIGNATION

1   THE GRAVES FIRM
2   ALLEN GRAVES (SB#204580)
    allen@gravesfirm.com
3   JACQUELINE TREU (SB#247927)
    jacqueline@gravesfirm.com
4   JENNY YU (SB#253033)
    jennyyu@gravesfirm.com
5   122 N. Baldwin Ave., Main Floor
6   Sierra Madre, CA  91024
7   Telephone: (626) 240-0575
    Facsimile: (626) 737-7013
8
9   Attorneys for Plaintiff
    Paul Taylor
10
11        SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO
12                 UNLIMITED CIVIL JURISDICTION
13
14   Paul Taylor, an individual, in his
    individual and representative capacity,

    CASE NO.: CGC-18-566714

15           Plaintiff,

    **DECLARATION OF ALLEN GRAVES IN**
16       v.             **SUPPORT OF APPLICATION FOR**
                 **COMPLEX CASE DESIGNATION**
17
18   DoorDash, Inc., and DOES 1 through
    10, inclusive,           *Hon. Curtis E.A. Karnow*

19                    Dept.: 304
20         Defendants.
                [NO HEARING REQUIRED]
21
                Trial Date:    None set
22                 Complaint Filed:  May 22, 2018
23
24
25
26
27
28

                    DECLARATION OF ALLEN GRAVES

1    I, Allen Graves, declare,

2        1.      I am an attorney duly licensed to practice in the State of California.  I am an
3    attorney of record for Plaintiff and putative Class Representative Paul Taylor in the
4    above-captioned matter.  I make this declaration in support of Plaintiff's Application for
5    Complex Designation.

6        2.      On May 22, 2018, my office filed the present class action complaint against
7    DoorDash, Inc. ("DoorDash").  In conjunction with the filing of the Plaintiff's initial
8    complaint, this office filed a Civil Case Cover Sheet, provisionally designating the case as
9    complex.  Attached hereto as Exhibit A is a true and correct copy of the initial complaint,
10   including the Civil Case Cover Sheet.

11       3.      In the Complaint, Plaintiff alleges that DoorDash misclassified individuals
12   whom DoorDash employed as drivers to deliver food to customers.  Claims include: (1)
13   failure to pay overtime wages, (2) failure to timely pay wages, (3) failure to pay wages on
14   termination, (4) failure to provide an accurate itemized paystub, (5) failure to reimburse
15   business expenses, and (6) violation of Cal. Business and Professions Code sec. 17200 *et*
16   *seq*.  Plaintiff brings this action on behalf of himself, and on behalf of a class of similarly
17   situated drivers.

18       4.      I have extensive experience in class and representative action employment
19   matters.  I am the principal at The Graves Firm.  The firm is dedicated to representing
20   plaintiffs in employment litigation.

21       5.      I am a graduate of Michigan Law School.  After graduating with honors
22   from the University of Michigan School of Law, I practiced at Paul, Hastings, Janofsky
23   and Walker ("Paul Hastings") from 1999 until 2004.  While at Paul Hastings, I specialized
24   exclusively in employment litigation and represented several of the nation's largest
25   employers in wage and hour class actions. During my tenure at Paul Hastings, that firm
26   was ranked by *The American Lawyer* as the best employment law practice in the United
27   States.

28

-2-

DECLARATION OF ALLEN GRAVES

6.      Since leaving Paul Hastings, I have served as lead counsel in numerous wage and hour class actions and have an established history of obtaining substantial recoveries for the employees that I represent.  The class action cases in which I have successfully served as lead counsel include: *Waters v. Vivendi Universal Entertainment* (BC316823); *Barrera v. Ruby's Diner* (06CC00017); *Juang v. Vivendi Universal Games* (BC342789); *Ressler v. Federated, Inc.* (BC335018); *Butler v. Southwest Airlines* (BC372357); *Mills v. Bed Bath & Beyond* (BC316825); *Madison v. Cedar Fair* (07CC01407); *Bonilla v. Regis Corporation* (30-2009-00329724); *Mills v. Sur La Table* (BC421265); *Krueger v. California Institute of Technology* (BC441480); *Williams v. The Sherwin-Williams Company* (CV080338); *Swain v. Ryder Integrated Logistics, Inc.* (3:10-cv-04192-CRB); *Ortiz v. ARG* (30-2014-00726341-CU-OE-CXC); *Barajas v. Marlu* (BC630452); and *Thompson v. Target* (BC474522).

7.      I have lectured and served as an instructor for Continuing Education of the Bar (CEB), The Employers Group, and other professional organizations.

8.      I believe this case has been appropriately designated, on a provisional basis, as complex, and should be managed by the Complex Civil Litigation Department of this Court.  The case will involve time-consuming pretrial motions, including anticipated motions for class certification and judgment.  In addition, I believe that the case will involve the discovery and analysis of relevant, electronically stored information for more than 10,000 putative class members.  The case will also require discovery regarding contact information for all of the putative class members in the management of that process is generally best accomplished by a complex litigation division.

9.      If Plaintiff prevails, this case will require continuing postjudgment judicial supervision because Plaintiff has requested prospective injunctive relief.  In addition, any settlement or judgment in favor of Plaintiff will require substantial Court oversight in the noticing of class members and distribution of the settlement amount or monies awarded to the class.

DECLARATION OF ALLEN GRAVES

1        10.    This application is made at the earliest practicable time.  To date, the Court

2    has had no involvement in pretrial matters, there are no motions pending, Defendant has

3    not appeared, and Defendant has not filed any cross-action.

4

5        I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct.  Executed this 7th day of June, 2018 at Sierra Madre,

7    California.

8

9                                                Allen Graves

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

DECLARATION OF ALLEN GRAVES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Allen Graves (SB#204580)<br>Jacqueline Treu (SB#247927)<br>122 N. Baldwin Ave., Main Floor<br>Sierra Madre, CA 91024<br>TELEPHONE NO.: (626) 240-0575   FAX NO.: (626) 737-7013<br>ATTORNEY FOR *(Name):* Plaintiff Paul Taylor | ENDORSED<br>**F I L E D**<br>*San Francisco County Superior Court*<br><br>MAY 2 2 2018<br><br>CLERK OF THE COURT<br>KALENE APOLONIO<br>BY:_____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Taylor v. DoorDash, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CGC-18-566714 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33)<br>[ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties       d. [✓] Large number of witnesses
b. [✓] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
c. [✓] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
**4.** Number of causes of action *(specify):* Six
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/22/2018

Jacqueline Treu
_____       ►       _____
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Allen Graves (SB#204580)<br>Jacqueline Treu (SB#247927)<br>122 N. Baldwin Ave., Main Floor<br>Sierra Madre, CA 91024 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: (626) 240-0575   FAX NO.: (626) 737-7013
ATTORNEY FOR (Name): Plaintiff Paul Taylor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Taylor v. DoorDash, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☑ Other employment (15) | | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action (specify): Six
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/22/2018

Jacqueline Treu
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer*
     *or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
     *domain, landlord/tenant, or*
     *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-*
     *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
     *harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
E-mail: jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA 91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

ENDORSED
FILED
San Francisco County Superior Court

MAY 22 2018

CLERK OF THE COURT
KALENE APOLONIO
BY:_____
Deputy Clerk

Attorneys for Plaintiff
Paul Taylor

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

Paul Taylor, an individual, in his individual and representative capacity,

Plaintiff,

v.

DoorDash, Inc., and DOES 1 through 10, inclusive,

Defendants.

CASE NO.: CGC-18-566714

**CLASS ACTION COMPLAINT FOR:**

1. **Failure to Pay Overtime Wages;**

2. **Failure to Timely Pay Wages;**

3. **Failure to Pay Wages on Termination;**

4. **Failure to Provide an Accurate Itemized Paystub;**

5. **Failure to Reimburse Business Expenses; and**

6. **Violation of Business and Professions Code §17200** *et seq.*

**DEMAND FOR JURY TRIAL.**

FAXED COPY

COMPLAINT AND DEMAND FOR JURY TRIAL

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
E-mail:  jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA  91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff
Paul Taylor

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Paul Taylor, an individual, in his individual and representative capacity,<br><br>Plaintiff,<br><br>v.<br><br>DoorDash, Inc., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **Failure to Pay Overtime Wages;**<br>2.  **Failure to Timely Pay Wages;**<br>3.  **Failure to Pay Wages on Termination;**<br>4.  **Failure to Provide an Accurate Itemized Paystub;**<br>5.  **Failure to Reimburse Business Expenses; and**<br>6.  **Violation of Business and Professions Code §17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL.** |

1    Plaintiff Paul Taylor ("Plaintiff") alleges as follows:

2

3                              **INTRODUCTION**

4        1.      In this Complaint, Plaintiff uses the term "Driver" to refer to individuals

5    employed by Defendant DoorDash, Inc. ("DoorDash" or "Defendant"), whose primary

6    job duties consist of delivering food to customers as part of the food delivery service that

7    is DoorDash's primary business.

8        2.      Plaintiff brings this Complaint as a class action pursuant to California Code

9    of Civil Procedure §382.  The class is defined as follows: each individual whom

10   DoorDash has employed as a Driver in California at any time since the date four years

11   prior to the filing of the instant case and whom DoorDash has classified as an independent

12   contractor.  Putative class members are referred to herein as "Drivers."

13

14                              **THE PARTIES**

15       3.      Plaintiff Paul Taylor ("Taylor" or "Plaintiff") is a citizen of the United

16   States and a resident of Los Angeles County, California.  From a time beginning prior to

17   the filing of the instant complaint and continuing to the present day, DoorDash has

18   employed Taylor as a food delivery driver as part of the food delivery service that is

19   DoorDash's primary business.

20       4.      Defendant DoorDash is a corporation organized under the laws of the State

21   of Delaware with its principal place of business in San Francisco, California.

22       5.      Plaintiff is currently unaware of the true names and capacities of the

23   Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues

24   the Doe Defendants by such fictitious names.  Plaintiff will amend this Complaint to

25   allege the true names and capacities of the Doe Defendants when they are ascertained.

26       6.      Plaintiff is informed and believes, and thereon alleges, that the Doe

27   Defendants are the partners, agents, or principals and co-conspirators of the named

28   Defendants and of each other; that the named Defendants and the Doe Defendants

-2-

1    performed the acts and conduct herein alleged directly, aided and abetted the performance

2    thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and

3    conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the

4    liability of the named Defendants as alleged herein.

5        7.    Plaintiff is informed and believes, and on that basis alleges, that at all times

6    herein mentioned, all of the Defendants are and were a single employer.

7        8.    Plaintiff is informed and believes, and on that basis alleges, that at all times

8    herein mentioned, each of the Defendants was the agent, servant and/or employee of each

9    of the other Defendants and, in connection with the matters hereinafter alleged, was acting

10   within the scope of such agency and employment, and each Defendant ratified each and

11   every act, omission and thing done by each and every other Defendant herein.

12

13                              **JURISDICTION AND VENUE**

14       9.    This Court has jurisdiction in this action because: Defendants committed

15   violations of California law, including violations of the Wage Order, Labor Code and

16   Business and Professions Code, that affected Plaintiff in this county; because one or more

17   Defendants reside in this jurisdiction; and because service was effected on one or more

18   Defendants while voluntarily present in California.

19       10.   Venue is proper under California Code of Civil Procedure §395.5, as this is

20   a county where liability against Defendants arises.

21

22                              **COMMON ALLEGATIONS**

23       11.   Plaintiff realleges and incorporates herein by this reference the allegations

24   of Paragraphs 1 through 10 hereof, inclusive.

25       12.   DoorDash is a company whose primary business is delivering food directly

26   to its customers.  Customers access DoorDash's service through an application installed

27   on the customers' cell phone.

28

-3-

COMPLAINT AND DEMAND FOR JURY TRIAL

13.     DoorDash employs Drivers throughout the state of California.  Drivers pick up the food ordered by the customer, and then deliver the food directly to the customer. The work performed by Drivers is within the usual course of DoorDash's business.

14.     At all times relevant hereto, DoorDash has engaged, suffered or permitted the Drivers to work for DoorDash.

15.     At all times relevant hereto, DoorDash has maintained a uniform policy of classifying all Drivers as independent contractors rather than employees.

16.     Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

### FIRST CAUSE OF ACTION
#### (Failure to Pay Overtime Premiums)

17.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 16 hereof, inclusive.

18.     At all times relevant hereto, Paragraph 3 of the applicable Wage Order and California Labor Code §510 have required that DoorDash pay each of its Drivers one and a half his or her regular rate of pay for any work in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours of work on the seventh day of a workweek.

19.     DoorDash has a uniform policy of intentionally failing to pay the overtime premiums due to its Drivers for overtime work.

### SECOND CAUSE OF ACTION
#### (Failure to Timely Pay Wages)

20.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 19 hereof, inclusive.

-4-

21.    At all times relevant hereto, California Labor Code §204 requires that all wages are due and payable twice in each calendar month.

22.    DoorDash violated Labor Code §204 by systematically refusing to pay overtime premium wages due to Drivers under the Wage Order.

## THIRD CAUSE OF ACTION

### (Failure to Pay Wages on Termination)

23.    Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 22 hereof, inclusive.

24.    Labor Code §§201 and 202 require that DoorDash pay each Driver all of the wages earned by that employee at the time of termination for an involuntary termination and within 72 hours of termination for a voluntary termination.

25.    At all times relevant hereto, DoorDash has terminated Drivers who were entitled to overtime wages earned under the applicable Wage Order at the time that the Drivers' employment with ended.

26.    At all times relevant hereto, Drivers who were entitled to overtime wages earned under the applicable Wage Order have voluntarily quit their jobs.

27.    DoorDash maintains a policy and practice of willfully refusing to pay any Driver the overtime wages to which he or she is entitled under the Wage Order at any time after that Driver's termination or resignation.

## FOURTH CAUSE OF ACTION

### (Failure to Provide an Accurate Itemized Paystub)

28.    Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 27 hereof, inclusive.

29.    At all times relevant hereto, Paragraph 7 of the applicable Wage Order has required that every employer shall semimonthly, or at the time of each payment of wages, furnish each employee an itemized statement in writing showing: (1) all deductions;

-5-

1   (2) the inclusive dates of the period for which the employee is paid; (3) the name of the

2   employee or the employee's social security number; and (4) the name of the employer.

3         30.     California Labor Code §226(a) requires that each pay period DoorDash

4   must provide each Driver with an itemized statement as required by the Wage Order.

5         31.     At all times relevant hereto, DoorDash violated the Wage Order and Labor

6   Code §226(a) by failing to provide Drivers with any itemized statement at all.

7

8                            **FIFTH CAUSE OF ACTION**

9          **(Failure to Provide Equipment or Reimburse Business Expenses)**

10        32.     Plaintiff realleges and incorporates herein by this reference the allegations

11   of paragraphs 1 through 31 hereof, inclusive.

12        33.     At all times relevant hereto, Paragraphs 8 and 9 of the applicable Wage

13   Order have required that an employer provide its employees with any tools or equipment

14   that are required by the employer or are necessary to the performance of the job.

15        34.     DoorDash requires every Driver to use a cellular telephone or tablet device

16   with a wireless data connection in order to send and receive information regarding the

17   pickup, transportation and drop-off of food to DoorDash's customers.

18        35.     DoorDash requires every Driver to use a motor vehicle in order to deliver

19   food to its customers.

20        36.     During all times relevant hereto, DoorDash maintained a uniform policy of

21   refusing to provide cellular telephones, tablet devices, or motor vehicles to Drivers,

22   despite the fact that this equipment is both required by Drivers and necessary to the

23   performance of the job.

24        37.     During all times relevant hereto, DoorDash maintained a uniform policy of

25   refusing to reimburse Drivers for the cost of cellular telephones, tablet devices, wireless

26   data connections or motor vehicles, despite the fact that this equipment is both required by

27   DoorDash and necessary to the performance of the job.

28

-6-

## SIXTH CAUSE OF ACTION

### (Violation of Business and Professions Code §17200 *et seq.*)

38.    Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 37 hereof, inclusive.

39.    The conduct described in the First through Fifth causes of action constitute unfair business practices.

40.    By deliberately misclassifying its Drivers as independent contractors, DoorDash avoided substantial expenses and thereby enriched itself at the expense of the Drivers.

41.    The Drivers have suffered injury in fact as a result of DoorDash's aforementioned conduct, in the form of lost income and benefits, and privileges of employment.

## CLASS ACTION ALLEGATIONS

42.    Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 41 hereof, inclusive.

43.    Plaintiff is informed and believes, and thereon alleges, that DoorDash employs over 10,000 Drivers in California.

44.    Plaintiff is informed and believes, and thereon alleges, that DoorDash requires all Drivers in California to agree to an identical form contract in order to work for Door Dash.  The company revises the contract from time to time, but at any given time, the contract is identical with regard to all Drivers in California.

45.    Plaintiff is informed and believes, and thereon alleges, that all Drivers in California have been subject to DoorDash's violations of the Wage Order and California Business and Professions Code §17200 *et seq*.

46.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff has been subject to the exact same violations of the Wage Order and California Business and Professions Code described herein as all other Drivers.

-7-

1    47.    Plaintiff has agreed to fairly and adequately represent the rights of the class.

2    48.    Plaintiff has the means to fairly and adequately represent the rights of the

3    class.

4    49.    Plaintiff is informed and believes, and thereon alleges, that his claims are

5    typical of the class.

6    50.    Plaintiff is informed and believes, and thereon alleges, that common

7    questions of law and fact predominate with regard to all class claims.

8    51.    Plaintiff is informed and believes, and thereon alleges, that a class action is

9    superior to all other available means of resolving the class members' claims.

10    52.    Plaintiff is informed and believes, and thereon alleges, that treatment of the

11    instant claims as a class action will accrue substantial benefits to the litigants, the class,

12    the public, and the courts.

13

14    **PRAYER FOR RELIEF**

15    WHEREFORE, Plaintiff prays for judgment against Defendant Maplebear, Inc. dba

16    DoorDash, and Does 1 through 10, inclusive, and each of them, as follows:

17

18    **ON THE FIRST CAUSE OF ACTION:**

19    1.   For temporary, preliminary and permanent injunctive relief against Defendants'

20    ongoing violations of the Wage Order;

21    2.   For damages according to proof;

22    3.   For restitution of unpaid wages;

23    4.   For attorney fees and costs reasonably incurred, in accordance with Labor Code

24    §§218.5, 1194 and California Code of Civil Procedure §1021.5;

25    5.   For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287;

26    and

27    6.   For punitive damages.

28

-8-

**ON THE SECOND CAUSE OF ACTION:**

   1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

   2. For the penalties described in Labor Code §210 for all violations set forth by this cause of action;

   3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5 and California Code of Civil Procedure §1021.5;

   4. For interest pursuant to Labor Code §§218.5,1194, and Civil Code §3287; and

   5. For punitive damages.

**ON THE THIRD CAUSE OF ACTION:**

   1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

   2. For waiting time penalties pursuant to Labor Code §203;

   3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5;

   4. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and

   5. For punitive damages.

**ON THE FOURTH CAUSE OF ACTION:**

   1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

   2. For penalties pursuant to Labor Code §226(e); and

   3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §226(e) and California Code of Civil Procedure §1021.5;

   4. For interest pursuant to Civil Code §3287; and

   5. For punitive damages.

-9-

**ON THE FIFTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For damages according to proof;

3. For restitution of all expenses associated with tools or equipment that were required by DoorDash or necessary to performance of the Drivers' work for DoorDash;

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§2802(c) and California Code of Civil Procedure §1021.5;

5. For interest pursuant to Civil Code §3287; and

6. For punitive damages.

**ON THE SIXTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Labor Code as described herein;

2. For disgorgement of Defendants' ill-gotten gains and other relief that may be necessary to remedy Defendants' misconduct;

3. For restitution of payments unlawfully withheld;

4. For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5; and

5. For interest pursuant to Civil Code §3287.

**ON ALL CAUSES OF ACTION:**

1. For costs of suit, to the extent not otherwise prayed for above;

2. For attorney fees to the extent not otherwise prayed for above;

3. For interest on amounts recoverable; and

4. For such other and further relief as this Court deems just and proper.

COMPLAINT AND DEMAND FOR JURY TRIAL

1

DATED:  May 22, 2018                    THE GRAVES FIRM

2

3                                       By: _____

4                                                 JACQUELINE TREU
                                            Attorney for Plaintiff
5                                           Paul Taylor

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED:  May 22, 2018          THE GRAVES FIRM


                              By: _____
                                        JACQUELINE TREU
                                  Attorney for Plaintiff
                                  Paul Taylor

1

<u>**PROOF OF SERVICE**</u>

2

STATE OF CALIFORNIA                    )

3                                                       ) ss:

COUNTY OF LOS ANGELES           )

4

5        I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 122 N. Baldwin

6    Ave., Main Floor, Sierra Madre, CA 91024.

7        On June 7, 2018, I served the following document(s) described as:

8    **APPLICATION FOR COMPLEX CASE DESIGNATION**
     **DECLARATION OF ALLEN GRAVES IN SUPPORT OF APPLICATION**

9    **FOR COMPLEX CASE DESIGNATION**

10       on the interested parties as follows:

11
     DoorDash, Inc.
12   Registered Agent Solutions, Inc.
     1220 S Street, Ste. 150
13   Sacramento, CA 95811

14
     ☒  **VIA OVERNIGHT MAIL:**
15   By delivering such document(s) to an overnight mail service or an authorized courier in a sealed
     envelope or package designated by the express service courier addressed to the person(s) on whom it
16   is to be served.

17   ☐  **VIA EMAIL:**
     I personally sent such document(s) via email to the known email address of the person(s) on whom it
18   is to be served before 5:00 p.m.

19   ☐  **VIA U.S. CERTIFIED MAIL:**
     I am readily familiar with the firm's practice of collection and processing of correspondence for
20   mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service
     on June 7, 2018 with postage thereon fully prepaid, at Sierra Madre, California.
21

22   ☐  **VIA FACSIMILE:**
     I personally sent such document(s) via facsimile to the known facsimile number of the person(s) on
23   whom it is to be served before 5:00 p.m.

24       I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on June 7, 2018, at Sierra Madre, California.
25

26        _____              _____
              Kevin Karr                              Kevin Karr
27   Type or Print Name                       Signature

28

1

EXHIBIT G



*The* *Graves* *Firm*

*A Professional Corporation*

122 N. Baldwin Ave., Main Floor • Sierra Madre, CA 91024 • Telephone 626.240.0575 • Fax 626.737.7013

May 23, 2018

VIA ONLINE SUBMISSION

Labor and Workforce Development Agency
455 Golden Gate Avenue, 9th Floor
San Francisco, CA  94102

To Whom It May Concern:

Pursuant to Labor Code §2699.3, the enclosed document identifies the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, in the case of *Taylor v. DoorDash, Inc., et al.*  Plaintiff seeks hereby to give notice to the LWDA of his representative claims.

Please refer to the attached Proof of Service which demonstrates that pursuant to Labor Code §2699.3, we are providing written notice of same by certified mail to the following employer at their designated agent for service of process:

DoorDash, Inc.
Registered Agent Solutions, Inc.
1220 S Street, Ste. 150
Sacramento, CA 95811

Sincerely,

Allen Graves

Enclosures:  Draft Complaint and Proof of Service
CC:  DoorDash, Inc.

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
E-mail: jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA  91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff
Paul Taylor

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Paul Taylor, an individual, in his individual and representative capacity,<br><br>                    Plaintiff,<br><br>         v.<br><br>DoorDash, Inc., and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO.:<br><br>**CLASS ACTION AND PRIVATE ATTORNEY GENERAL COMPLAINT FOR:**<br><br>1. **Willful Misclassification;**<br>2. **Failure to Pay Overtime Wages;**<br>3. **Failure to Timely Pay Wages;**<br>4. **Failure to Pay Wages on Termination;**<br>5. **Failure to Provide an Accurate Itemized Paystub;**<br>6. **Failure to Reimburse Business Expenses; and**<br>7. **Violation of Business and Professions Code §17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL.** |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Paul Taylor ("Plaintiff") alleges as follows:

## INTRODUCTION

1.     In this Complaint, Plaintiff uses the term "Driver" to refer to individuals employed by Defendant DoorDash, Inc. ("DoorDash" or "Defendant"), whose primary job duties consist of delivering food to customers as part of the food delivery service that is DoorDash's primary business.

2.     Plaintiff brings the First through Sixth Causes of Action in this Complaint as a Private Attorney General on behalf of the State of California with regard to current and former DoorDash Drivers pursuant to California Labor Code §2699 *et seq.*, based on Defendant's willful misclassification of its Drivers as independent contractors.

3.     Plaintiff brings the Second through Seventh Causes of Action in this Complaint as a class action pursuant to California Code of Civil Procedure §382.  The class is defined as follows: each individual whom DoorDash has employed as a Driver in California at any time since the date four years prior to the filing of the instant case and whom DoorDash has classified as an independent contractor.  Putative class members are referred to herein as "Drivers."

## THE PARTIES

4.     Plaintiff Paul Taylor ("Taylor" or "Plaintiff") is a citizen of the United States and a resident of Los Angeles County, California.  From a time beginning prior to the filing of the instant complaint and continuing to the present day, DoorDash has employed Taylor as a food delivery driver as part of the food delivery service that is DoorDash's primary business.

5.     Defendant DoorDash is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California.

6.     Plaintiff is currently unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues

the Doe Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained.

7.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of the named Defendants and of each other; that the named Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the liability of the named Defendants as alleged herein.

8.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, all of the Defendants are and were a single employer.

9.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the Defendants was the agent, servant and/or employee of each of the other Defendants and, in connection with the matters hereinafter alleged, was acting within the scope of such agency and employment, and each Defendant ratified each and every act, omission and thing done by each and every other Defendant herein.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction in this action because: Defendants committed violations of California law, including violations of the Wage Order, Labor Code and Business and Professions Code, that affected Plaintiff in this county; because one or more Defendants reside in this jurisdiction; and because service was effected on one or more Defendants while voluntarily present in California.

11.     Venue is proper under California Code of Civil Procedure §395.5, as this is a county where liability against Defendants arises.

-3-

COMPLAINT AND DEMAND FOR JURY TRIAL

**LABOR CODE §2699**

12.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 11 hereof, inclusive.

13.     California Labor Code §2699 *et seq.* authorizes Plaintiff to recover civil penalties for each Labor Code violation described herein.

14.     Plaintiff hereby seeks to recover civil penalties, pursuant to California Labor Code §2699 *et seq.*, for each Labor Code violation described herein with respect to violations of the Labor Code committed by the Defendants as to all DoorDash Drivers who have been employed in California.

15.     Pursuant to California Labor Code §2699.3, on May 23, 2018, Plaintiff gave notice to the Labor and Workforce Development Agency and the employer of the specific provisions of the Labor Code alleged to be violated in this Complaint, including the facts and theories to support each alleged violation.  Plaintiff gave notice to the LWDA electronically through the agency website and to the employer via certified mail.

16.     More than 65 days have passed since Plaintiff gave notice by the statutorily prescribed procedure to the Labor and Workforce Development Agency.  Neither the employer or the Labor and Workforce Development Agency have provided any notice of intent to investigate any of the alleged violations.

**COMMON ALLEGATIONS**

17.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 16 hereof, inclusive.

18.     DoorDash is a company whose primary business is delivering food directly to its customers.  Customers access DoorDash's service through an application installed on the customers' cell phone.

19.     DoorDash employs Drivers throughout the state of California.  Drivers pick up the food ordered by the customer, and then deliver the food directly to the customer.  The work performed by Drivers is within the usual course of DoorDash's business.

-4-

20.     At all times relevant hereto, DoorDash has engaged, suffered or permitted the Drivers to work for DoorDash.

21.     At all times relevant hereto, DoorDash has maintained a uniform policy of classifying all Drivers as independent contractors rather than employees.

22.     Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

## FIRST CAUSE OF ACTION

### (Willful Misclassification)

23.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 22 hereof, inclusive.

24.     A worker is properly considered an independent contractor to whom the Wage Order does not apply only if the hiring entity establishes: (A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

25.     The work performed by the Drivers at issue in this case is within the usual course of DoorDash's business, such that an employer-employee relationship is created between DoorDash and the Drivers.

26.     Labor Code §226.8 prohibits any person or employer from willfully misclassifying an individual who is an employee subject to the applicable Wage Order.

27.     Since at least 2014 until the present, DoorDash has maintained a uniform policy whereby DoorDash has misclassified all Drivers as independent contractors for purposes of the Wage Order.

28.     Through its misclassification of every Driver as an independent contractor for purposes of the Wage Order, DoorDash has engaged in a pattern and practice of willful misclassification for its own financial benefit.

29.     Pursuant to Labor Code §226.8, Plaintiff is entitled to recover civil penalties for DoorDash's misclassification of employees with regard to their employment status under the Wage Order of not less than ten thousand dollars ($10,000) and up to twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

30.     Plaintiff is entitled to recover attorney fees and costs in bringing this action.

31.     DoorDash is subject to an order requiring it to provide public notice of its violation of Section 226.8, as required under sub-sections (e) and (f) thereof, in the event this Court determines that a violation has been committed.

## SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Premiums)

32.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 31 hereof, inclusive.

33.     At all times relevant hereto, Paragraph 3 of the applicable Wage Order  and California Labor Code §510 have required that DoorDash pay each of its Drivers one and a half his or her regular rate of pay for any work in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours of work on the seventh day of a workweek.

34.     DoorDash has a uniform policy of intentionally failing to pay the overtime premiums due to its Drivers for overtime work.

COMPLAINT AND DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**

**(Failure to Timely Pay Wages)**

35.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 34 hereof, inclusive.

36.     At all times relevant hereto, California Labor Code §204 requires that all wages are due and payable twice in each calendar month.

37.     DoorDash violated Labor Code §204 by systematically refusing to pay overtime premium wages due to Drivers under the Wage Order.


**FOURTH CAUSE OF ACTION**

**(Failure to Pay Wages on Termination)**

38.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 37 hereof, inclusive.

39.     Labor Code §§201 and 202 require that DoorDash pay each Driver all of the wages earned by that employee at the time of termination for an involuntary termination and within 72 hours of termination for a voluntary termination.

40.     At all times relevant hereto, DoorDash has terminated Drivers who were entitled to overtime wages earned under the applicable Wage Order at the time that the Drivers' employment with ended.

41.     At all times relevant hereto, Drivers who were entitled to overtime wages earned under the applicable Wage Order have voluntarily quit their jobs.

42.     DoorDash maintains a policy and practice of willfully refusing to pay any Driver the overtime wages to which he or she is entitled under the Wage Order at any time after that Driver's termination or resignation.

**FIFTH CAUSE OF ACTION**

**(Failure to Provide an Accurate Itemized Paystub)**

43.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 42 hereof, inclusive.

44.     At all times relevant hereto, Paragraph 7 of the applicable Wage Order has required that every employer shall semimonthly, or at the time of each payment of wages, furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer.

45.     California Labor Code §226(a) requires that each pay period DoorDash must provide each Driver with an itemized statement as required by the Wage Order.

46.     At all times relevant hereto, DoorDash violated the Wage Order and Labor Code §226(a) by failing to provide Drivers with any itemized statement at all.

**SIXTH CAUSE OF ACTION**

**(Failure to Provide Equipment or Reimburse Business Expenses)**

47.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 46 hereof, inclusive.

48.     At all times relevant hereto, Paragraphs 8 and 9 of the applicable Wage Order have required that an employer provide its employees with any tools or equipment that are required by the employer or are necessary to the performance of the job.

49.     DoorDash requires every Driver to use a cellular telephone or tablet device with a wireless data connection in order to send and receive information regarding the pickup, transportation and drop-off of food to DoorDash's customers.

50.     DoorDash requires every Driver to use a motor vehicle in order to deliver food to its customers.

51.     During all times relevant hereto, DoorDash maintained a uniform policy of refusing to provide cellular telephones, tablet devices, or motor vehicles to Drivers,

-8-

1   despite the fact that this equipment is both required by Drivers and necessary to the

2   performance of the job.

3         52.    During all times relevant hereto, DoorDash maintained a uniform policy of

4   refusing to reimburse Drivers for the cost of cellular telephones, tablet devices, wireless

5   data connections or motor vehicles, despite the fact that this equipment is both required by

6   DoorDash and necessary to the performance of the job.

7

8                      **<u>SEVENTH CAUSE OF ACTION</u>**

9            **(Violation of Business and Professions Code §17200 *et seq.*)**

10        53.    Plaintiff realleges and incorporates herein by this reference the allegations

11   of Paragraphs 1 through 52 hereof, inclusive.

12        54.    The conduct described in the First through Sixth causes of action constitute

13   unfair business practices.

14        55.    By deliberately misclassifying its Drivers as independent contractors,

15   DoorDash avoided substantial expenses and thereby enriched itself at the expense of the

16   Drivers.

17        56.    The Drivers have suffered injury in fact as a result of DoorDash's

18   aforementioned conduct, in the form of lost income and benefits, and privileges of

19   employment.

20

21                      **<u>CLASS ACTION ALLEGATIONS</u>**

22        57.    Plaintiff realleges and incorporates herein by this reference the allegations

23   of Paragraphs 1 through 56 hereof, inclusive.

24        58.    Plaintiff is informed and believes, and thereon alleges, that DoorDash

25   employs over 10,000 Drivers in California.

26        59.    Plaintiff is informed and believes, and thereon alleges, that DoorDash

27   requires all Drivers in California to agree to an identical form contract in order to work for

28

COMPLAINT AND DEMAND FOR JURY TRIAL

DoorDash.  The company revises the contract from time to time, but at any given time, the contract is identical with regard to all Drivers in California.

60.     Plaintiff is informed and believes, and thereon alleges, that all Drivers in California have been subject to DoorDash's violations of the Wage Order and California Business and Professions Code §17200 *et seq.*

61.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff has been subject to the exact same violations of the Wage Order and California Business and Professions Code described herein as all other Drivers.

62.     Plaintiff has agreed to fairly and adequately represent the rights of the class.

63.     Plaintiff has the means to fairly and adequately represent the rights of the class.

64.     Plaintiff is informed and believes, and thereon alleges, that his claims are typical of the class.

65.     Plaintiff is informed and believes, and thereon alleges, that common questions of law and fact predominate with regard to all class claims.

66.     Plaintiff is informed and believes, and thereon alleges, that a class action is superior to all other available means of resolving the class members' claims.

67.     Plaintiff is informed and believes, and thereon alleges, that treatment of the instant claims as a class action will accrue substantial benefits to the litigants, the class, the public, and the courts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Maplebear, Inc. dba DoorDash, and Does 1 through 10, inclusive, and each of them, as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL

**ON THE FIRST CAUSE OF ACTION:**

1. For the civil penalties described in Labor Code §226.8 for all violations set forth by this cause of action;

2. For the relief provided for by Labor Code §226.8 (e) and (f); and

3. For attorney fees and costs incurred, pursuant to California Labor Code §2699(g).

**ON THE SECOND CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For damages according to proof;

3. For restitution of unpaid wages;

4. For the civil penalties described in Labor Code §558(a)(1)-(2) for all violations set forth by this cause of action;

5. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194, 2699(g) and California Code of Civil Procedure §1021.5;

6. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and

7. For punitive damages.

**ON THE THIRD CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For the civil penalties described in Labor Code §210 for all violations set forth by this cause of action;

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5 and 2699(g), and California Code of Civil Procedure §1021.5;

COMPLAINT AND DEMAND FOR JURY TRIAL

1      4.  For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287;

2         and

3      5.  For punitive damages.

4

5   **ON THE FOURTH CAUSE OF ACTION:**

6      1.  For temporary, preliminary and permanent injunctive relief against Defendants'

7         ongoing violations of the Wage Order;

8      2.  For waiting time penalties pursuant to Labor Code §203;

9      3.  For attorney fees and costs reasonably incurred, in accordance with Labor Code

10         §§218.5, 1194, 2699(g), and Civil Code §3287;

11      4.  For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287;

12         and

13      5.  For punitive damages.

14

15   **ON THE FIFTH CAUSE OF ACTION:**

16      1.  For temporary, preliminary and permanent injunctive relief against Defendants'

17         ongoing violations of the Wage Order;

18      2.  For penalties pursuant to Labor Code §226(e);

19      3.  For the civil penalties described in Labor Code §226.3;

20      4.  For attorney fees and costs reasonably incurred, in accordance with Labor Code

21         §§226(e), 2699(g) and California Code of Civil Procedure §1021.5;

22      5.  For interest pursuant to Civil Code §3287; and

23      6.  For punitive damages.

24

25   **ON THE SIXTH CAUSE OF ACTION:**

26      1.  For temporary, preliminary and permanent injunctive relief against Defendants'

27         ongoing violations of the Wage Order;

28      2.  For damages according to proof;

-12-

3.  For restitution of all expenses associated with tools or equipment that were required by DoorDash or necessary to performance of the Drivers' work for DoorDash;

4.  For civil penalties pursuant to Labor Code §2699(f);

5.  For attorney fees and costs reasonably incurred, in accordance with Labor Code §§2802(c), 2699(g) and California Code of Civil Procedure §1021.5; and

6.  For interest pursuant to Civil Code §3287.

**ON THE SEVENTH CAUSE OF ACTION:**

1.  For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Labor Code as described herein;

2.  For disgorgement of Defendants' ill-gotten gains and other relief that may be necessary to remedy Defendants' misconduct;

3.  For restitution of payments unlawfully withheld;

4.  For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5;

5.  For interest pursuant to Civil Code §3287; and

6.  For punitive damages.

**ON ALL CAUSES OF ACTION:**

1.  For costs of suit, to the extent not otherwise prayed for above;

2.  For attorney fees to the extent not otherwise prayed for above;

3.  For interest on amounts recoverable; and

4.  For such other and further relief as this Court deems just and proper.

COMPLAINT AND DEMAND FOR JURY TRIAL

DATED:  May ___, 2018          THE GRAVES FIRM


                                By:_____
                                        ALLEN GRAVES
                                    Attorney for Plaintiff
                                    Paul Taylor


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.


DATED:  May 23, 2018          THE GRAVES FIRM


                                By:_____
                                        ALLEN GRAVES
                                    Attorney for Plaintiff
                                    Paul Taylor

-14-

1                               **PROOF OF SERVICE**

2    STATE OF CALIFORNIA                   )

3                                       ) ss:

   COUNTY OF LOS ANGELES       )

4

5        I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 122 N. Baldwin

6    Ave., Main Floor, Sierra Madre, CA 91024.

7        On May 23, 2018, I served the following document(s) described as:

8    **LWDA LETTER** on the interested parties as follows:

9       DoorDash, Inc.
      Registered Agent Solutions, Inc.

10     1220 S Street, Ste. 150
     Sacramento, CA 95811

11

12   ☐ **VIA OVERNIGHT MAIL:**
    By delivering such document(s) to an overnight mail service or an authorized courier in a sealed

13    envelope or package designated by the express service courier addressed to the person(s) on whom it
    is to be served.

14

15   ☐ **VIA EMAIL:**
    I personally sent such document(s) via email to the known email address of the person(s) on whom it
    is to be served before 5:00 p.m.

16

17   ☒ **VIA U.S. CERTIFIED MAIL:**
    I am readily familiar with the firm's practice of collection and processing of correspondence for
    mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service

18    on May 23, 2018 with postage thereon fully prepaid, at Sierra Madre, California.

19   ☐ **VIA FACSIMILE:**
    I personally sent such document(s) via facsimile to the known facsimile number of the person(s) on

20    whom it is to be served before 5:00 p.m.

21        I declare under penalty of perjury under the laws of the State of California that the

22   above is true and correct and was executed on May 23, 2018, at Sierra Madre, California.

23

24              Kevin Karr                  _Kevin Karr_

25   Type or Print Name                Signature

26

27

28

                                   1